Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | Ian H. Levin |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3081 | **DATE** | 10/12/2001 |
| **CASE TITLE** | Simonsen vs. Chicago Board of Education | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter report and recommendation recommending that plaintiff's motion for entry of a preliminary injunction be denied is hereby submitted to Judge Aspen. All matters relating to the referral of this action having been resolved, the case is returned to the assigned judge.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | 6 number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | OCT 15 2001 date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | | docketing deputy initials |
| ✓ | Copy to judge/magistrate judge. | | |
| | | FILED FOR DOCKETING 01 OCT 15 PM 1:09 | 10/15/2001 date mailed notice |
| SM courtroom deputy's initials | | Date/time received in central Clerk's Office | SM mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GERALD SIMONSEN, individually and )
on behalf of Paulette Simonsen, Ilse Simonsen, )
Christine Simonsen, and Pamela Simonsen, )
       )
    Plaintiffs, )
       )
v. )
       )
BOARD OF EDUCATION OF THE CITY OF )
CHICAGO, et al. )
       )
    Defendants. )

**DOCKETED OCT 15 2001**

Case No. 01 C 3081

Judge Marvin E. Aspen
Magistrate Judge Ian H. Levin

To: The Honorable Marvin E. Aspen, Chief Judge
United States District Court Judge

## REPORT AND RECOMMENDATION

Plaintiffs move for a preliminary injunction ordering the Board of Education of the City of Chicago ("Board") to reinstate Gerald Simonsen to his former teaching position, with back pay, or in the alternative, to convert his teaching suspension without pay to a suspension with pay. For the reasons set forth below, the court recommends that the motion for entry of a preliminary injunction be denied.

## BACKGROUND FACTS

On December 6, 1999, Mr. Simonsen was suspended from his tenured teaching position without pay by former Chicago Public Schools Chief Executive Officer Paul G. Vallas. Mr. Vallas's decision to dismiss Mr. Simonsen is before the Board. The Board will make its final determination regarding Mr. Simonsen's suspension after his statutory dismissal hearing. Mr. Simonsen's dismissal

matter is currently pending before the Hearing Officer.[1] The Board has the power to either accept or reject the Hearing Officer's recommendation. After the Board makes its decision, Mr. Simonsen can have the decision reviewed in state court.

Plaintiffs, Mr. Simonsen and members of his family, who are pro se, have filed a ten-count complaint against the Board alleging numerous violations of Mr. Simonsen's constitutional and statutory rights. In the complaint, Plaintiffs allege, *inter alia,* violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (race, age, and sex discrimination and retaliation), the Equal Protection Clause, the Fifth Amendment, the Age Discrimination in Employment Act, 28 U.S.C. § 621 *et seq.* as well as retaliation for engaging in First Amendment protected activity. Plaintiffs also assert a conspiracy amongst those Board members who have been involved in Mr. Simonsen's discharge proceedings. The matter before the court arises out of the Board's decision seeking Mr. Simonsen's dismissal as a tenured teacher in the Chicago Public Schools.

## **LEGAL STANDARD**

As a threshold matter, a party seeking a preliminary injunction must establish: (1) some likelihood of succeeding on the merits; (2) that it has "no adequate remedy at law," and (3) will suffer "irreparable harm," if preliminary relief is denied. *Abbott Lab. v. Mead Johnson & Co.,* 971 F.2d 6, 11 (7th Cir. 1992)(*citing Lawson Prods., Inc. v. Avnet, Inc.,* 782 F.2d 1429, 1433 (7th Cir. 1986); *Roland Mach. Co. v. Dresser Indus., Inc.,* 749 F.2d 380, 386-87)). If the moving party is unable to establish this threshold showing, the court's inquiry is over and the injunction will be denied. *Id.* If the moving party can satisfy this showing, the court must then consider the irreparable harm the non-moving party will suffer if preliminary relief is granted, balancing that harm against

---

[1]Also, before your honor is the Board's fully briefed motion to dismiss.

the irreparable harm to the moving party if relief is denied. *Id.* Lastly, the court must also consider the public interest, that is, the consequences to non-parties of granting or denying the injunction. *Id.*

## ANALYSIS

I. **PLAINTIFFS LIKELIHOOD OF SUCCESS ON THE MERITS ISSUE.**

Plaintiffs argue that they are likely to succeed on the merits of their case because *inter alia* Mr. Simonsen was dismissed from his teaching position without cause and the Board failed to follow applicable Illinois state law as well as its own internal policies when he was suspended without pay. Pls.' Reply at 11-13. Plaintiffs assert that the Board failed to provide Mr. Simonsen with a remediation plan, a consulting teacher, an evaluation, and retroactively applied warning resolutions to him even though the resolutions were implemented subsequent to his alleged conduct. Plaintiffs further contend that Mr. Simonsen received satisfactory performance evaluations, that an Illinois circuit court found no misconduct on the part of Mr. Simonsen, that the Board dropped two charges against Mr. Simonsen because they could not be proven, that all of the charges against Mr. Simonsen are false, and that the state's dismissal hearing is unfair. Pls.' Reply at 11-13; Pls.' Resp. to Mot. to Dismiss at 8-9.

The Board, on the other hand, argues that Plaintiffs' complaint consists of misstatements of applicable law, claims that contain mere boilerplate legalese as well as conclusory accusations of a wide-ranging conspiracy among its employees. Def.'s Resp. at 3. The Board further contends that Plaintiffs' lawsuit is vexatious and it barely, if at all, meets the "better than negligible" standard of review relevant to an analysis on the likelihood of success of Plaintiffs' claims. *Id.; see Omega Satellite Prod. Co. v. City of Indianapolis*, 694 F.2d 119, 123 (7th Cir. 1982) ("It is enough that "the plaintiff's chance are better than negligible . . . "). Moreover, the Board asserts that Plaintiffs'

3

minimal chance of success on the merits would require them to show that the balance of harms overwhelmingly favors their position, which they would not be able to do. *Id.*

In view of this court's determination in favor of the Board in sections III and IV of this Report and Recommendation, the court finds it unnecessary to decide, and recommends not deciding, the likelihood of success on the merits issue in ruling on the subject motion.

## II. THE ADEQUATE REMEDY AT LAW ISSUE.

Plaintiffs assert that they have no adequate remedy at law because the Board intends to defend any decision to dismiss Mr. Simonsen and consequently, it will take over three years for his case to progress through the state court system. Pls.' Reply at 14; Pls.' Resp. to Mot. to Dismiss at 9-10 (Ex. 5). In addition, Plaintiffs allege that the Board's efforts to prevent Mr. Simonsen from receiving any back pay award is indicative of the fact that he does not have an adequate remedy at law. *Id.* Plaintiffs also allege that the Board informed Mr. Simonsen that it intends to reject any recommendation for his reinstatement. Pls. Reply at 14. Furthermore, Plaintiffs assert they do no have an adequate remedy at law because the Board has caused Mr. Simonsen's dismissal proceeding to be delayed. *Id.*

The Board, on the other hand, argues that Plaintiffs do not understand the adequate remedy at law requirement, in that its decision to prosecute Mr. Simonsen's dismissal case and minimize his back pay does not demonstrate that Plaintiffs have an inadequate remedy at law. Def.'s Resp. at 4. Rather, the Board asserts that Plaintiffs have appropriate legal relief through either the statutory teacher dismissal proceeding or before the court. The Board further contends that Plaintiffs' argument that it has caused Mr. Simonsen's teacher dismissal proceeding to be delayed is false

4

because the evidence at the hearing establishes that Mr. Simonsen caused his own delay.[2] *Id.*

The Board further argues that Section 34-85 of the Illinois School Code provides, in pertinent part, that "[i]f a decision of the hearing officer is adjudicated upon review or appeal in favor of the teacher or principal, then the trial court shall order reinstatement and shall determine the amount for which the Board is liable including but not limited to loss of income and costs incurred therein." 105 ILCS 5/34-85. Section 34-85 further provides that a teacher suspended without pay pending completion of dismissal hearing "shall not suffer any loss of salary by reason of the suspension" if the teacher ultimately prevails in the dismissal proceeding.[3] *Id.*

In view of this court's determination in favor of the Board in sections III and IV of this Report and Recommendation, the court finds it unnecessary to decide, and recommends not deciding, the adequacy of the remedy of law issue in ruling on the subject motion.

---

[2]Such conduct, the Board argues, included Mr. Simonsen's use of *nine* days of testimony for examination of *one* witness, defendant Carol Gearing. *Id.* This and other conduct caused the presiding hearing officer to admonish Mr. Simonsen as follows:

> We are now approaching day 14 in your dismissal hearing. Your conduct throughout these proceedings has been less than professional. Specifically, your continued insistence on relitigating rulings I make, even those dating back to the first days of hearing, your disrespectful and contemptuous treatment of Mrs. Gearing and the Board of Education while on the stand, and your never-ending remarks regarding my neutrality has made this hearing much longer than is otherwise warranted by the facts. I have no doubt that your refusal to abide the directives of your original counsel has also resulted in additional and unnecessary delays. (*See* Ex. 1, letter dated Feb. 9, 2001, from Illinois State Board of Education Hearing Officer Marvin Hill to Mr. Simonsen.)

[3]The Board also points out that the court has the equitable power to order Mr. Simonsen's reinstatement and back pay, or front pay, in lieu of reinstatement and any compensatory damages, if Mr. Simonsen prevails on his claims against the Board. *See, e.g., Kashani v. Purdue Univ.*, 813 F.2d 843, 848 (7th Cir. 1987)(recognizing that reinstatement and other prospective equitable relief is available pursuant to 42 U.S.C. § 1983); *see also* 42 U.S.C. § 1981a and 42 U.S.C. § 2000e *et seq.* (compensatory damages available for intentional discrimination).

5

### III. PLAINTIFFS HAVE NOT ESTABLISHED THAT THEY HAVE SUFFERED IRREPARABLE HARM.

Plaintiffs allege that as a result of Mr. Simonsen's suspension without pay they have suffered irreparable harm because they have lost their home, dog, and principal means of support and had emotional injury. Pls.' Reply at 14. Moreover, Plaintiffs allege that they have been homeless since May, 2000. Pls.' Motion at 2. The Board strongly challenges Plaintiffs' allegations and agrees that, in any event, Mr. Simonsen's own actions, are the real cause of any of his problems alleged. (*See, e.g.,* Def.'s Resp. at 7.) Moreover, and importantly, the Board argues that this case simply involves an employment dispute and the law does not allow preliminary injunctive relief in this type of circumstance. Def.'s Resp. at 6.

Upon review, the court finds that the Seventh Circuit decisions in *Shegog v. Bd. of Educ. of the City of Chicago*, 194 F.3d 836 (7th Cir. 1999) and *EEOC v. Janesville*, 630 F.2d 1254 (7th Cir. 1980) are dispositive here in the Board's favor.

In *Shegog*, certain laid off Chicago public school teachers sought a preliminary injunction, essentially, to continue their salaries and benefits until the court's decision on the merits. Squarely, on point herein, the Seventh Circuit expressly ruled that "[A] temporary deprivation of employment does not inflict irreparable injury, and therefore does not justify a preliminary injunction." *Shegog*, 194 F.3d at 839 (*citing Sampson v. Murray*, 415 U.S. 51, 89-92, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974). Moreover, in *Janesville*, involving an employee's preliminary injunction request for reinstatement, the Seventh Circuit explicitly ruled that "irreparable injury does not include the loss of income, inability to find other employment, or financial distress." 630 F.2d at 1259 (*citing Sampson*, 415 U.S. at 61).

6

In view of the foregoing, Plaintiffs have not established irreparable harm and it is, therefore, recommended that the request for a preliminary injunction be denied.

## IV. THE BALANCING OF HARMS MILITATES AGAINST ISSUING A PRELIMINARY INJUNCTION.

Even assuming *arguendo* that Plaintiffs could establish the presence of the three threshold elements required for a preliminary injunction (likelihood of success, no adequate remedy at law, irreparable injury), the balancing of the harms element favors denying the subject motion.

Once again, the Seventh Circuit's decision in *Shegog, supra,* (involving, as stated, the denial of a request by certain laid off public school teachers for a preliminary injunction), is directly on point in the Board's favor. In *Shegog,* the court held as follows:

> *Hetreed v. Allstate Insurance Co.,* 135 F.3d 1155, 1158 (7th Cir. 1998), observed that, when deciding whether to grant interim relief, a judge must compare the costs of false negatives (the injury caused by wrongly denying relief to someone who ultimately prevails on the merits) against the costs of false positives (the injury caused by wrongly granting relief to a plaintiff who ultimately loses the case.) Damages at the end of the case compensate plaintiffs for any false negatives at the interlocutory stage. False positives, though, can create substantial and irreversible costs. Few employees have the wealth to post an injunction bond that could compensate the employer for salary received pending final decision; our eight teachers do not propose to return their salary if they should lose in the end. Because the potential loss from false positives exceeds the loss from false negatives in cases of this kind, it would take a very powerful showing on the merits (implying that the costs of false positives are negligible) to justify reinstatement while the case is ongoing. Many of our cases, of which *Hetreed* and *Webb v. Ball State University,* 167 F.3d 1146 (7th Cir. 1999), are only the most recent, hold that interlocutory reinstatement in employment cases should be rare, if that remedy ever is appropriate. *Roth v. Lutheran General Hospital,* 57 F.3d 1446, 1453 (7th Cir. 1995); *Shaffer v. Globe Protection, Inc.,* 721 F.2d 1121 (7th Cir. 1983); *Ciechon v. Chicago,* 634 F.2d 1055, 1057-58 (7th Cir. 1980); *EEOC v. Janesville,* 630 F.2d 1254, 1259 (7th Cir. 1980). Plaintiffs ask use to distinguish *Hetreed* and *Webb* but do not mention

7

*Sampson*, their most formidable obstacle or any of our pre-*Hetreed* decisions. These teachers, just like the plaintiffs in *Sampson*, *Hetreed*, and *Webb*, can receive complete relief in the final judgment; there is no justification for interim remedies that may impose uncompensated costs on the School District. 194 F.3d at 839.

Under the sliding scale approach required, and after considering all relevant factors, the court, therefore, finds and recommends that the balance of harms clearly weighs against Plaintiffs' and in favor of the Board.[4]

## CONCLUSION[5]

In view of the foregoing, the court recommends that Plaintiffs' motion for entry of a preliminary injunction be denied.

ENTER:

*[signature]*

IAN H. LEVIN
United States Magistrate Judge

**Dated: October 12, 2001**

---

[4]To the extent the public interest preliminary injunction element is not encompassed in the above balancing of harms discussion, in view of the court's determination in Sections III and IV herein, it is recommended that the public interest element issue not be reached in deciding the subject motion.

[5]Applying the standards set forth in *Ty, Inc. v. The Jones Group, Inc.*, 98 F.Supp.2d 988, 1002-03 (N.D. Ill. 2000), and the cases therein cited, the court finds and recommends that the instant motion is properly decidable on the papers filed (and the arguments before the undersigned) without an evidentiary hearing.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the Magistrate Judge's Report and Recommendation. *See* Fed.R.Civ.72(b); 28 U.S.C. § 636(b)(1)(B); *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 329 (7th Cir. 1995); *The Provident Bank v. Manor Stell Corp.*, 882 F.2d 258 (7th Cir. 1989).

**Copies Have Been Delivered
In Open Court or Mailed To:**

Gerald Simonsen
P.O. Box 300754
Chicago, IL 60630-0754
*Pro se Plaintiff*

David A. Hemenway
Assistant General Counsel
Board of Education of the City
of Chicago - Law Department
125 S. Clark St., Ste. 700
Chicago, IL 60603
(773) 553-1700
*Attorney for Defendant*