Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3081 | **DATE** | 4/26/2002 |
| **CASE TITLE** | Gerald Simonsen vs. Board of Education, etal | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing re-set for 10/24/2002 at 10:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Simonsen's motion to stay his federal case pending the completion of state court proceedings (91-2) is granted. Simonsen's motion for leave to file an interlocutory appeal (91-1) and defendants' motions to impose sanctions (93-1) are denied. Defendants filed two separate motions seeking sanctions under Rule 37(d), the first on 4/1/02, and the second on 4/19/02. We have consolidated these two motions for purposes of this opinion. The status hearing and for filing of the joint pretrial order set for 5/14/02 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 29 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 98 |
| | Copy to judge/magistrate judge. | | 4/26/2002 date mailed notice | |
| GL | courtroom deputy's initials | Date/time received in central Clerk's Office | GL mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GERALD SIMONSEN, )
)
Plaintiff, )
)
v. ) Case No. 01 C 3081
)
)
BOARD OF EDUCATION OF THE CITY OF )
CHICAGO, et. al. )
)
Defendants. )

DOCKETED
APR 29 2002

MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

Plaintiff Gerald Simonsen, a tenured teacher in the Chicago Public Schools, was twice suspended and then eventually dismissed by the Board of Education of the City of Chicago ("Board"). Simonsen sued the Board and a number of its employees (collectively, "Defendants"), alleging racial, sexual, and age discrimination as well as a variety of due process violations which occurred during his suspension and dismissal hearings. Defendants filed motions to dismiss, and Simonsen filed motions for default judgment against two Board employees. In our opinion of February 13, 2002, we granted in part and denied in part the motions to dismiss and we denied the motions for default judgment. Simonsen then filed a motion to alter or amend the judgment, which we denied on March 4, 2002 as untimely. Presently before us is Simonsen's motions for leave to file an interlocutory appeal and to stay discovery pending the outcome of certain state court proceedings, and Defendants' motion for sanctions under Federal Rule of Civil Procedure 37(d) for failure to comply with discovery requests. For the following reasons, we deny Simonsen's motion for leave to file an interlocutory appeal and Defendants' motion for sanctions, but we grant Simonsen a stay pending the completion of state court proceedings.



## DISCUSSION

### A. Simonsen's Motion to Stay Discovery

After he was dismissed by the Board on December 19, 2001, Simonsen sought administrative review of his dismissal in the Circuit Court of Cook County.[1] *See* 105 ILCS 5/34-85b (providing for judicial review of teacher dismissals under the Administrative Review Law, 735 ILCS 5/3-101 et seq.). He now claims that his involvement in these state court proceedings makes compliance with discovery requests in his federal case burdensome, and he requests a stay of his federal case until the completion of the state administrative review process.

It is now apparent that Simonsen has split his claims, asserting state law claims in state court and federal law claims in federal court. The Seventh Circuit, however, "deprecates the filing of two suits over one injury," noting that "[m]ultiplication imposes needless costs on one's adversary, on the judicial system, and on other litigants, who must endure a longer queue." *See Rogers v. Desiderio*, 58 F.3d 299, 300 (7th Cir. 1995). To discourage claim-splitting, a plaintiff is entitled to whichever judgment is rendered first, and the second court simply dismisses the case pursuant to the doctrine of claim preclusion. *Id.*

In the present case, however, we do not yet have a judgment on the merits in either state or federal court. Instead, both courts are proceeding simultaneously. Under these circumstances, a stay is appropriate. *See id.* at 302 (granting stay in federal case in light of pending state administrative proceedings); *Hearne v. Board of Education of the City of Chicago*, 185 F.3d 770, 777-78 (7th Cir. 1999) (same). Although the pendency of an action in state court on the same matter as a suit in federal court is not itself enough to justify a stay, "principles of sound judicial administration" suggest that we

---

[1] Neither Simonsen nor the Defendants informed this court of the pending administrative review prior to the issuance of our February 13, 2002 opinion.

grant Simonsen's request in this case. *Hearne*, 185 F.3d at 778 (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-819 (1976)). Although we obtained jurisdiction over this case before the state court, that fact alone does not preclude a stay. *See Colorado River*, 424 U.S. at 818-19 (noting that "[n]o one factor is necessarily determinative" of whether a court should abstain jurisdiction). After carefully considering "both [our] obligation to exercise jurisdiction and the combination of factors counselling [sic] against that exercise," we believe that "the desirability of avoiding piecemeal litigation" in this case justifies a stay.[2] *Id.* at 818. Simonsen has challenged his dismissal on different grounds in both state and federal court, and in order to avoid duplicative litigation, one court should hear all of his claims.

We urge Simonsen to note the following point: in light of this stay, if he wants to pursue his federal claims, he *must* present them to the *state court* now presiding over his administrative review. As the Seventh Circuit noted in *Rogers*, "[f]ederal courts employ a number of devices to give state judges the primary responsibility for supervising the state administrative process, so in many cases . . . a litigant who wants to present both state and federal objections is as a practical matter driven to the state forum." *Rogers*, 58 F.3d at 301. Simonsen will be able to present his claims to the state court if he so chooses. The state court has subject matter jurisdiction over his federal claims brought pursuant to 42 U.S.C. § 1983 and Title VII. *See Rogers*, 58 F.3d at 301. Furthermore, Illinois law permits amendment to pleadings "[a]t any time before final judgment . . . on just and reasonable terms," even if the amendment "chang[es] the cause of action or defense or add[s] new causes of action or defenses." 735 ILCS 5-2-616(a), *quoted in Hearne*, 185 F.3d at 777. If he fails to bring his federal claims before

---

[2]Furthermore, the fact that Simonsen himself seeks this stay eases the burden necessary to grant it. *See Colorado River*, 424 U.S. at 819 (requiring "clearest of justifications" to warrant *Colorado River* abstention). Requests for *Colorado River* abstention typically come from defendants, raising concerns that plaintiffs might unfairly be denied access to federal courts. In this case, however, those concerns are not present, as the plaintiff himself seeks the stay.

3

the state court, and if the state court issues a judgment against him on the merits of his state law claims, he will be *precluded* from bringing his federal law claims in this court. *See Rogers*, 58 F.3d at 300. However, "if the state case should break down in a way that avoids the preclusive effect of the judgment, the plaintiff would be entitled to a decision on the merits from the federal court," *id.* at 302, and for this reason we have stayed the federal case rather than dismiss it.

B. Simonsen's Motion for Leave to File an Interlocutory Appeal

Simonsen also seeks leave to file an interlocutory appeal of our February 13, 2002 opinion. In light of his prior claim that he is unduly burdened by simultaneous litigation of his own choosing, this request seems contradictory – if he does not have time to pursue simultaneously litigation in state and federal trial courts, where will he find the time to litigate his federal appeal? Simonsen need not worry about his busy court schedule, however, as the motion is denied.

In order to pursue a discretionary interlocutory appeal, a district court must find that the order sought to be appealed "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). An appeal here is unnecessary for two reasons. First, we do not believe that there is substantial ground for difference of opinion with respect to our decision. Second, in light of the stay of the federal case and the possibility that the federal claims will be presented to the state court instead of the federal court, an immediate appeal is not necessary to advance the termination of the litigation.

## C. Defendants' Motion for Sanctions under Rule 37(d)[3]

Defendants claim that Simonsen failed to appear at two properly noticed depositions as required under Rule 30, failed to respond to written interrogatories as required under Rule 33, and failed to produce requested documents as required under Rule 34. As a sanction for his failure to cooperate with discovery, Defendants seek dismissal of Simonsen's complaint pursuant to Federal Rule of Civil Procedure 37(d). Under this rule, if a party fails to comply with discovery requests, "the court in which the action is pending on motion may make such orders in regard to the failure as are just." Fed.R.Civ.P. 37(d). The rule specifically refers to sanctions listed in Rule 37(b)(2)(C), which include "striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof." Fed.R.Civ.P. 37(b)(2)(C).

Simonsen's refusal to attend his properly noticed first deposition, and his belated attempt to avoid this deposition by filing a motion to stay discovery on Friday, March 29, 2002, three days before his Monday, April 1, 2002 deposition, are inexcusable. His refusal to produce requested documents and to reply to written interrogatories is also indefensible. As we have noted before, his pro se status does not free Simonsen from the burden of complying with the Federal Rules of Civil Procedure. Nonetheless, a dismissal at this time is not warranted. We warn Simonsen that the failure to comply with discovery rules in the future may lead to the imposition of sanctions, including the dismissal of his complaint with prejudice.

## CONCLUSION

For the foregoing reasons, Simonsen's motion to stay his federal case pending the completion of state court proceedings is granted. Simonsen's motion for leave to file an interlocutory appeal and

---

[3] Defendants filed two separate motions seeking sanctions under Rule 37(d), the first on April 1, 2002, and the second on April 19, 2002. We have consolidated these two motions for purposes of this opinion.

Defendants' motion to impose sanctions are denied. A status hearing is set for October 24, 2002, at 10:30 am. It is so ordered.

                                                              _____
                                                              MARVIN E. ASPEN
                                                              United States District Judge

Dated  7/26/02