Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

55p

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3081 | **DATE** | 12/23/2003 |
| **CASE TITLE** | Gerald Simonsen vs. Board of Education, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order: Defendants' motion for judgment on the pleadings (115-1 & 117-1), filed pursuant to FRCP 12(c) is granted and this case is dismissed. There is no question that the Board, named as a party in both the state and federal cases, meets the final element of res judicata. Simonsen's claims against the Board, therefore, are precluded and are dismissed. Defendants in this case have a sufficiently close identity of interests with the Board, and under Illinois law a government body and its officers and agents are in privity, the remaining claims against the individual defendants are precluded and this suit may not proceed. The status hearing set for 12/30/03 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 2 4 2003 | |
| | Notified counsel by telephone. | | date docketed | 124 |
| | Docketing to mail notices. | | 15 | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | 12/23/2003 | |
| | | 03 DEC 22 PM 2:50 | date mailed notice | |
| GL | courtroom deputy's initials | 01 03-0371 Date/time received in Central Clerk's Office | GL mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| GERALD SIMONSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 01 C 3081 |
| | ) | |
| BOARD OF EDUCATION OF THE CITY OF CHICAGO, et. al. | ) | |
| | ) | |
| Defendants. | ) | |

DEC 2 4 2003

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Presently before us is Defendants' motion for judgment on the pleadings, filed pursuant to Federal Rule of Civil Procedure 12(c). For the reasons set forth below, we grant Defendants' motion.

## Background

Plaintiff Gerald Simonsen, a tenured teacher in the Chicago Public Schools, was twice suspended and eventually dismissed by the Board of Education of the City of Chicago ("Board"). Simonsen has been employed by the Board since 1977, most recently at Hendricks Academy. In April 1999, he received a "Warning Resolution" about deficiencies in his performance as a teacher dating back to 1997. *See* Compl. Ex. 1. The warning cautioned that failure to correct the deficiencies could result in dismissal. Simonsen disputed the issuance of the warning, claiming that the charges were baseless, but the Board did not withdraw the charges.

In May 1999, Carol Gearring, the principal of Hendricks Academy, recommended that Simonsen be suspended for fifteen days without pay for disciplinary problems. Simonsen claims that Gearring's recommendation was in retaliation for a complaint he filed with the EEOC in 1998 and for his

membership on the Hendricks Local School Council, which had given Gearring a poor performance review. Simonsen appealed his suspension and filed a grievance against Gearring. A conference on both matters was held on September 2, 1999, with Defendant Cheryl Nevins, an employee of the Bureau of Labor and Employee Relations of the Chicago Public Schools, serving as the hearing officer. Simonsen alleges that this hearing was a sham because the decision to suspend him had been made prior to the hearing. Shortly thereafter, Simonsen received letters from Defendant Paul Vallas, the Chief Executive Officer of the CPS, denying his grievance, and Defendant Carlos Ponce, the Chief Human Resources Officer of the CPS, denying the appeal of the suspension. Simonsen served the fifteen day suspension in October 1999.

Meanwhile, in June 1999, the Board issued a second Warning Resolution. Gearring recommended that Simonsen be dismissed and Defendant Marilyn Johnson, the director of the CPS Law Department, began to prepare for his dismissal. Simonsen claims that Johnson and Vallas approved the issuance of a second Warning Resolution as a pretext for his termination. Simonsen informed the Board, with Vallas, Johnson, and Defendant Jose Rodriguez[1] in attendance, that the charges were false and that Gearring was retaliating against him, but the Board did not withdraw the second warning.

On November 3, 1999, the day after his fifteen day suspension ended, Simonsen called in sick to work. When Simonsen reported for work the next day, Rodriguez sent a representative to remove him from the premises. On November 12, 1999, Vallas approved dismissal charges against Simonsen, notified him of his right to a pre-suspension hearing, and tentatively scheduled a dismissal hearing for December 6, 1999. *See* Compl. ¶ 43; Compl. Ex. 5. A pre-suspension hearing was held on November 30, 1999, with Defendant Sharon Bailey, an employee of the Bureau of Labor and Employee Relations,

---

[1] It is not disputed that Rodriguez is a Regional Education Officer.

serving as the hearing officer. Simonsen contends that the hearing was a sham, that the charges were not explained to him as required by Board policy, that he was not allowed to testify or present written evidence, and that Bailey was not impartial because she worked for Vallas and she had contact with Gearring prior to the hearing. On December 6, 1999, Simonsen was suspended without pay pending his dismissal hearing.

The dismissal hearing commenced on June 26, 2000 under the direction of Illinois State Board of Education Hearing Officer Marvin Hill. Defendants Karina Ayala-Bermejo and James Ciesel, attorneys employed by the Board, were assigned to prosecute Simonsen's dismissal hearing. Simonsen maintains that the prosecutors knew or should have known that false testimony was being given but that they did nothing about it. Moreover, Simonsen claims that Bermejo gave false information to Hill. Simonsen also blames the Board and Vallas for delays in the commencement and completion of the hearing. Finally, Simonsen charges that the dismissal hearing was a farce. *See* Compl. Ex. 1 at 2. On November 15, 2001, Hill issued a report recommending that Simonsen be dismissed. On December 19, 2001, the Board accepted Hill's recommendation and dismissed Simonsen. Simonsen sought administrative review of his dismissal in the Circuit Court of Cook County. *See* 105 ILCS 5/34-85b (providing for judicial review of teacher dismissals under the Administrative Review Law, 735 ILCS 5/3-101 *et seq.*).

Simonsen also sued the Board and a number of its employees (collectively, "Defendants") in federal court, alleging racial, sexual, and age discrimination as well as a variety of due process violations which allegedly occurred during his suspension and dismissal hearings.[2] In the federal action,

---

[2] The Defendants in this federal action include the Board; Paul Vallas, Marilyn Johnson, Carol Gearring, Jose Rodriguez, Cheryl Nevins, Sharon Bailey, Gwen Smith, Carlos Ponce, Karina Bermejo [sic] and James Ciesel. Defendants Vallas, Smith, and Ponce have not responded to the complaint.

Defendants filed motions to dismiss and Simonsen filed motions for default judgment against two Board employees. In our opinion of February 13, 2002, we granted in part and denied in part the motions to dismiss and we denied the motions for default judgment.[3] Simonsen then filed a motion to stay discovery pending the outcome of Simonsen's state administrative law claim. In our order of April 26, 2002, we determined that Simonsen had split his claims, asserting state law claims in state court and federal law claims in federal court. The Seventh Circuit, however, "deprecates the practice of filing two suits over one injury," noting that "[m]ultiplication imposes needless costs on one's adversary, on the judicial system, and on other litigants, who must endure a longer queue." *See Rogers v. Desiderio*, 58 F.3d 299, 300 (7th Cir. 1995). To discourage claim-splitting, a plaintiff is entitled to whichever judgment is rendered first, and the second court simply dismisses the case pursuant to the doctrine of claim preclusion. *Id.* Therefore, we granted Simonsen a stay pending the completion of the state administrative review process.[4] *See id.* at 302 (granting stay in federal case in light of pending state

---

[3] Specifically, claims against Defendants Ciesel and Bermejo were dismissed in their entirety. We dismissed all of the claims against Defendants Johnson, Bailey, Nevins, and Rodriguez except Count III (§ 1983). We dismissed all counts except III and IV against Defendant Gearring, and dismissed counts II-III, VII-IX against the Board. We did not address the issue of whether to grant a stay at that time because neither party informed this court prior to the issuance of its February 13, 2002 opinion that an administrative review of Simonsen's dismissal was pending.

[4] In our prior order, we urged Simonsen that in light of the stay, "if he wants to pursue his federal claims, he *must* present them to the *state court* now presiding over his administrative review." As we explained in our order, the Seventh Circuit noted in *Rogers*, "[f]ederal courts employ a number of devices to give state judges the primary responsibility for supervising the state administrative process, so in many cases . . . a litigant who wants to present both state and federal objections is as a practical matter driven to the state forum." *Rogers*, 58 F.3d at 301. We explained

> Simonsen will be able to present his claims to the state court if he so chooses. The state court has subject matter jurisdiction over his federal claims brought pursuant to 42 U.S.C. § 1983 and Title VII. *See Rogers*, 58 F.3d at 301. Furthermore, Illinois law permits amendment to pleadings "[a]t any time before final judgment . . . on just and reasonable terms," even if the amendment "chang[es] the cause of action or defense or add[s] new causes of action or defenses." 735 ILCS 5-2-616(a), *quoted in Hearne v. Bd. of Educ. of the City of Chicago*, 185

4

proceeding).

In early Fall 2002, the Circuit Court of Cook County, after written and oral argument, made findings of fact and law upholding the dismissal recommendation.[5] This court set a briefing schedule on Defendants' summary judgment motion on November 4, 2002. Unbeknownst to Defendants or this court, at the time of our scheduling order, Simonsen had filed a timely notice of appeal of the Circuit Court's ruling. Learning of this appeal, Defendants then filed a motion to stay the proceedings pending Simonsen's appeal, which we granted. The Appellate Court of Illinois affirmed the Circuit Court's decision on September 25, 2003. Specifically, the Appellate Court held that the hearing officer's determinations were neither against the weight of the evidence nor clearly erroneous, there were no violations of Simonsen's due process rights by the Board, and found no merit in any of the other twenty-one issues Simonsen raised. *See Simonsen v. Bd. of Educ. of the City of Chicago*, No. 1-02-3205 (Ill. App. Ct. Sep. 25, 2003).

Following the issuance of an opinion from the Appellate Court of Illinois, Defendants moved for judgment on the pleadings in the instant action.[6] Simonsen filed a response, arguing that Defendants'

---

F.3d 770, 777 (7th Cir. 1999). If he fails to bring his federal claims before the state court, and if the state court issues a judgment against him on the merits of his state law claims, he will be *precluded* from bringing his federal law claims in this court. *See Rogers*, 58 F.3d at 300. However, "if the state case should break down in a way that avoids the preclusive effect of the judgment, the plaintiff would be entitled to a decision on the merits from the federal court," *id.* at 302, and for this reason we have stayed the federal case rather than dismiss it.

*See Simonsen v. Bd. of Educ. of the City of Chicago*, No. 01-C-3081 (N.D.Ill. Apr. 26, 2002).

[5] The defendants named in the caption of the state court proceedings were the Board, Arne Duncan, Chief Executive Officer of the CPS, the Illinois State Board of Education, and Marvin Hill, Jr., hearing officer. *See Simonsen v. Bd. of Educ. of the City of Chicago*, No. 1-02-3205 (Ill. App. Ct. Sep. 25, 2003).

[6] The Board of Education of the City of Chicago joined individual Defendants' motion for judgment on the pleadings.

5

motion for judgment on the pleadings was premature because his state court proceedings are still pending. To evidence the ongoing nature of his state claims, Simonsen attached to his response an Affidavit of Intent to File Leave to Appeal that he apparently filed on November 5, 2003 in the Appellate Court of Illinois. However, Simonsen did not seek leave to appeal to the Supreme Court of Illinois within the requisite twenty-one day time period. *See* Ill. Sup. Ct. R. 315. The Affidavit of Intent Simonsen filed was not timely either. Pursuant to Illinois Supreme Court Rule 315(b), Simonsen must file an affidavit of intent to file a petition for leave within the same twenty-one day time period after the entry of judgment of the Appellate Court, which he did not do. *Id.* Because Simonsen has failed to timely and properly appeal the order of the Appellate Court of Illinois,[7] the judgment of that court is final and Defendants' motion for judgment on the pleadings is ripe for adjudication.

Standard of Review

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment in its favor after the parties have filed the complaint and answer. *Northern Indiana Gun & Outdoor Shows, Inc. v. South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). A motion for judgment on the pleadings may only be granted if no material issues of fact remain to be resolved between the parties and the movant is entitled to judgment as a matter of law. *National Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987). Unlike a summary judgment motion, Rule 12(c) permits us only to consider the pleadings and any written instruments attached as exhibits. *Northern Indiana Gun*, 163 F.3d at 452. The district court may also take judicial notice of matters of public record. *See, e.g., U.S. v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991). The burden of establishing the absence of a material issue of fact, however, falls on the

---

[7] As set forth in our minute order dated October 17, 2003, Simonsen was to file his response to Defendants' 12(c) motion on October 24, 2003. Without leave of this court, Simonsen filed his response on November 13, 2003, three weeks after it was due to be filed.

6

movant and we are obligated to view the facts in the light most favorable to the non-moving party. *Northern Indiana Gun*, 163 F.3d at 452.

Discussion

Defendants claim that this court is precluded from hearing Simonsen's claims under the doctrine of *res judicata*. Federal courts must give state court judgments the same preclusive effect that they would have in state court. *See* 28 U.S.C. § 1738; *Licari v. City of Chicago*, 298 F.3d 664, 666 (7th Cir. 2002) (citing *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 519 (1986)). In determining the preclusive effect of a prior state court judgment on federal litigation, we look to the rendering state's preclusion law. *Rogers v. Desiderio*, 58 F.3d 299, 300-01 (7th Cir. 1995). Under Illinois law, the doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction is conclusive as to the rights of the parties and their privies and constitutes an absolute bar to a subsequent action involving the same claim, cause of action, or demand as to the same parties. *Licari*, 298 F.3d at 666 (citing *Nowak v. St. Rita High Sch.*, 197 Ill.2d 381, 389, 757 N.E.2d 471, 477 (2001)). In Illinois, *res judicata* applies where: (1) a final judgment on the merits was rendered by a court of competent jurisdiction; (2) there is an identity of causes of action; and (3) there is an identity of parties or their privies. *Id.* (citing *Nowak v. St. Rita High Sch.*, 197 Ill.2d at 389). *Res judicata* will not apply if plaintiff was not allowed a full and fair opportunity to litigate his claim in state court. *Pirela v. Village of North Aurora*, 935 F.2d 909, 911 (7th Cir. 1991).

Here, the decision of the Appellate Court of Illinois affirming the decision of the Circuit Court of Cook County is a final judgment rendered by a court of competent jurisdiction. There also is an identity of the causes of action. Illinois uses the "transactional" test to determine whether identity is present. *See River Park, Inc. v. City of Highland Park*, 184 Ill.2d 290, 310, 703 N.E.2d 883, 893 (1998). The transactional test provides that different theories of relief that rely on a single group of operative

7

facts constitutes a single cause of action for *res judicata* purposes. *Licari*, 298 F.3d at 667. *Res judicata* applies not only to issues actually decided by the state court, but also to issues that could have been decided by the state court. *Id*; *see also River Park, Inc.*, 184 Ill.2d at 302.

Although Title VII and §§ 1981 and 1983 claims remain in Simonsen's federal action, those challenges were either raised or could have been raised in the state court proceedings. Indeed, Simonsen's prior state court claims and the claims raised in this federal action all stem from Simonsen's suspension, termination, and the decision-making process and procedures relating to his suspension and termination. Because under the transactional analysis "separate claims will be considered the same cause of action for purposes of *res judicata* if they arise from a single group of operative facts, regardless of whether they assert different theories of relief," *River Park*, 184 Ill.2d at 311, there is an identity of causes of action here. *See, e.g., Pirela v. Village of North Aurora*, 935 F.2d 909, 910, 912 (7th Cir. 1991) (determining that plaintiff's action is barred under the transactional approach because his Title VII and §1981 claims in federal court and the possible defense he had in state court arose from the same operative facts -- his misconduct and procedures relating to his suspension and termination -- as his claim in state court contending that the Board's decision was against the manifest weight of the evidence); *see also Durgins v. City of East St. Louis*, 272 F.3d 841, 843 (7th Cir. 2001) (explaining that in state court, plaintiff "could have argued not only that the Board acted on insufficient evidence, or used improper procedures, but also that the City initiated the discharge proceedings in retaliation for protected speech" and that the Seventh Circuit has held that "an administrative-review action forecloses any later § 1983 action in federal court arising out of the same transaction").

Finally, there is no question that the Board, named as a party in both the state and federal cases, meets the final element of *res judicata*. Simonsen's claims against the Board, therefore, are precluded and are dismissed. Moreover, Simonsen's addition of Board employees as Defendants in the federal suit

in their individual and official capacities does not prevent the application of *res judicata* to this action. Recently, the Seventh Circuit discussed privity in a case of an injured police officer who was denied disability benefits by a Retirement Board of the Policemen's Annuity and Benefit Fund of the City of Chicago. *Licari*, 298 F.3d at 665-66. The plaintiff sought review of the Board's decision in state court. Following the conclusion of the state proceedings, plaintiff sued the City of Chicago and individual Retirement Board members in federal court under § 1983. *Id.* at 667. The Seventh Circuit recognized that under Illinois law, "a government and its officers are in privity for purposes of *res judicata*." *Licari*, 298 F.3d at 667 (citing *Mandarino v. Pollard*, 718 F.2d 845, 850 (7th Cir. 1983), *cert. denied*, 409 U.S. 830 (1984)).[8] Thus, the Seventh Circuit explained that the addition of members of a Retirement Board in their individual and official capacities to a federal suit did not prevent satisfaction of the privity element of *res judicata*.

---

[8] Privity is indeed "an elusive concept." *In the Matter of L & S Industries, Inc.*, 989 F.2d 929, 932-33 (7th Cir. 1993). In 1983, the Seventh Circuit held that under Illinois law, a government and its officers are in privity for *res judicata* purposes. *Mandarino v. Pollard*, 718 F.2d 845, 850 (7th Cir. 1983), *cert. denied*, 409 U.S. 830 (1984). Then, in 1990, the Seventh Circuit, presented with a city mayor who had been sued in his official and individual capacity in federal court (who was not a party to the state court action), stated that Illinois law was clear that the mayor in his official capacity was in privity with the city. It was not clear in that case, however, that the mayor in his individual capacity was in privity with the city. *Charles Koen & Assoc. v. City of Cairo*, 909 F.2d 992, 999 (7th Cir. 1990). Instead, the Seventh Circuit refrained from ruling on the individual capacity issue because there was an alternative ground for affirming the district court's dismissal. However, the Seventh Circuit did drop a footnote, stating that "although one case from this circuit appears to have held that, under Illinois law, a city officer who is sued under section 1983 in his individual capacity was in privity with the city for res judicata purposes, [citing *Mandarino*], it is not clear that the Illinois cases cited in *Mandarino* stand for this precise proposition." *Id.* at 999 n.7 (citations omitted); *see also Davis v. City of Chicago*, 53 F.3d 801, 803-04 (7th Cir. 1995) ("[w]e have since questioned whether *Mandarino* correctly captured the way Illinois uses the 'privity' concept in the law of preclusion. The gradations in state law are not easy to perceive."). In 2002, however, the Seventh Circuit published *Licari*, which acknowledged, "We have recognized that under Illinois law a government and its officers are in privity for purposes of *res judicata*," (citing *Mandarino*). The Seventh Circuit then held that plaintiff's addition of Board members as defendants in their individual and official capacities does not prevent the satisfaction of the privity element of *res judicata*. *Licari*, 298 F.3d at 667. In sum, although the case law is less than clear, we will follow *Licari* as it is the most recent pronouncement by the Seventh Circuit on the issue.

In *Licari*, the Seventh Circuit determined that a finding of privity between the Retirement Board and the Board members was especially warranted because the plaintiff did not allege any action taken against him by the defendants that was distinct from the actions taken by the Retirement Board. *Id.* Here, the allegations made against the individual Defendants are not distinct from the allegations made against the Board in the state suit. As discussed above, Simonsen's claims challenge the decision-making process and the procedures relating to his suspension and termination. Because the individual Defendants in this case have a sufficiently close identity of interests with the Board, and under Illinois law a governmental body and its officers and agents are in privity, the remaining claims against the individual Defendants are precluded and this suit may not proceed. *See In the Matter of L & S Industries, Inc.*, 989 F.2d 929, 932-33 (7th Cir. 1993) ("privity is an elusive concept. It is a descriptive term for designating those with a sufficiently close identity of interests").

Conclusion

For the foregoing reasons, Defendants' motion for judgment on the pleadings is granted and this case is dismissed. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 12/23/03

10